### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

---

**MARIA DOCAMPO,**

        **Plaintiff**

**v.**                                                                                                      **CA. NO.**

**EQUIFAX INFORMATION SERVICES, LLC.,**

**EXPERIAN INFORMATION SOLUTIONS, INC.**

**and**

**TD BANK, N.A.,**

        **Defendants**

---

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought by the plaintiff, Maria Docampo, for violation of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

### JURISDICTION

1.      The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper as all relevant events occurred in this District and Defendants were doing business in Maine during all relevant times.

### PARTIES

2.      Plaintiff, Maria Docampo, is a natural person and resident of the State of Maine.  She is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 USC 1692a(3).

3.      Upon information and belief, Equifax Information Services, LLC ("Equifax") is a

company authorized to do business in the State of Maine through its registered agent's office.

4.      Upon information and belief, Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

5.      Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

6.      Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7.      Upon information and belief, Defendant Experian Information Solutions, Inc. ("Experian") is a corporation authorized to do business in the State of Maine through its registered agent's office.

8.      Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

9.      Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

11.     Upon information and belief, TD Bank, N.A. ("TD Bank") is a national bank doing business in the State of Maine.

12.     At all times relevant to this action, TD Bank was a furnisher of consumer information to Defendants Equifax and Experian and other consumer reporting agencies, and furnished information relating to Plaintiff and a Target REDcard credit card.

**FACTS**

13.      On or about March 2, 2018, defendant TD Bank filed a Small Claims Statement of

Claim against Ms. Docampo in the Bridgton District Court alleging that she owed $2,525.13 on a

Target Credit Card, account number xxxxxxx1515 ("Target Card" or "the Account").  The case was

assigned docket number BRIDC-SC-18-045 ("Small Claims Action").  A true and accurate copy of

the Statement of Claim is attached as Exhibit A.

14.      On May 8, 2018 a trial was held in the Small Claims Action. TD Bank was represented

by Law Offices Howard Lee Schiff, P.C. and Ms. Docampo was represented by Pine Tree Legal

Assistance.  The Court took the matter under advisement after the trial.

15.      On September 4, 2018, the Court ordered Judgment for Ms. Docampo.

16.      The Court issued a five page written decision analyzing the evidence presented and

concluding that TD Bank had failed to meet its burden of proof, could collect nothing and ordering

that judgment enter for Ms. Docampo.  A true and accurate copy of the Notice of Judgment and the

Small Claims Judgment opinion are attached as Exhibit B.  TD Bank did not appeal the decision and

the judgment is final.

17.      The judgment determined that Ms. Docampo had no further debt to TD Bank on the

Account and extinguished the debt that TD Bank was alleging Ms. Docampo owed.

18.      Despite losing its case, TD Bank continued to try to collect the balance on the Target

Card and continued reporting the debt as past due and owing to the credit bureaus.

19.      On October 15, 2018, more than a month after the judgment determining that Ms.

Docampo owed no balance, TD Bank sent Ms. Docampo a collection letter alleging that she still

owed $2,525.13 on the Account but offering to settle the account for a lesser amount.  A true and

accurate copy of the October 18, 2018 letter is attached as Exhibit C.

20.     TD Bank continued to report to Equifax, Trans Union and Experian that the Target Card had a past due balance of $2,525.

21.     The TD Bank reporting was inaccurate because Ms. Docampo did not owe TD Bank anything further on the Account as the debt had been extinguished by the judgment.

22.     Shortly after the judgment issued, Ms. Docampo disputed the erroneous TD Bank information pursuant to the FCRA to Experian, Equifax and Trans Union by certified mail, return receipt requested.  She provided a copy of the judgment and sent a copy of the dispute to TD Bank's attorney, Law Offices Howard Lee Schiff, P.C.

23.     Experian, Equifax and Trans Union forwarded the dispute to TD Bank pursuant to FCRA procedures.

24.     On September 29, 2018 Trans Union wrote to Ms. Docampo stating that TD Bank had verified the reporting of the Account and Trans Union continued to report the Account with a past due balance of $2,525.

25.     On October 3, 2018 Equifax wrote to Ms. Docampo stating that TD Bank had verified the reporting of the Account and Equifax continued to report the Account with a past due balance of $2,525.

26.     On October 4, 2018 Experian wrote to Ms. Docampo stating that TD Bank had verified the reporting of the Account and Experian continued to report the Account with a past due balance of $2,525.

27.     In December 2018, Ms. Docampo disputed the erroneous TD Bank information a second time pursuant to the FCRA to Experian, Equifax and Trans Union by certified mail, return receipt requested.  She provided a copy of the judgment and sent a copy of the dispute to TD Bank's attorney, Law Offices Howard Lee Schiff, P.C.

28.    Experian, Equifax and Trans Union forwarded the dispute to TD Bank pursuant to FCRA procedures.

29.    On December 29, 2018 and January 2, 2019 Trans Union wrote to Ms. Docampo stating that the reporting on the Account had been "updated" but Trans Union continued to report the Account with an inaccurate past due balance of $2,525.

30.    On January 3, 2019 Equifax wrote to Ms. Docampo stating that the reporting on the Account had been verified and Equifax continued to report the Account with a past due balance of $2,525.

31.    On January 8, 2019 Experian wrote to Ms. Docampo stating that the reporting on the Account had been "updated" but Experian continued to report the Account with an inaccurate past due balance of $2,525.

32.    In March 2019, Ms. Docampo disputed the erroneous TD Bank information a third time pursuant to the FCRA to Experian, Equifax and Trans Union by certified mail, return receipt requested.  She provided a copy of the judgment and sent a copy of the dispute to TD Bank.

33.    Experian, Equifax and Trans Union forwarded the dispute to TD Bank pursuant to FCRA procedures.

34.    On March 22, 2019 TD Bank's servicer Target Card Services responded to Ms. Docampo's dispute stating that it had investigated her concerns and confirmed that the information it was reporting to the credit bureaus was correct.  A true and accurate copy of the March 22, 2019 letter is attached as Exhibit D.

35.    On March 22, 2019 Trans Union wrote to Ms. Docampo stating that the reporting on the Account had been "updated" and corrected to remove the past due balance.

36.    On March 26, 2019 Experian wrote to Ms. Docampo stating that it had previously

investigated her dispute and the information had been verified by the furnisher and refusing to

reinvestigate the dispute.  Experian continued to report the Account with an inaccurate past due

balance of $2,525.

37.     On March 27, 2019 Equifax wrote to Ms. Docampo stating that the reporting on the

Account had been verified and Equifax continued to report the Account with a past due balance of

$2,525.

38.     After Ms. Docampo's disputes, TD Bank has continued to report inaccurate

information to one or more credit reporting agencies.

39.     The inaccurate TD Bank information has been made available to those reviewing Ms.

Docampo's credit.

40.     The inaccurate TD Bank information has caused her credit score to be reduced.

41.     Ms. Docampo has been working very hard to improve her credit over the last few

years.  When she received the Small Claims Judgment she was relieved to have the Account resolved

in her favor and looked forward to a positive impact on her credit score.  When Neither TD Bank nor

the credit bureaus corrected the inaccurate reporting after her first dispute, blatantly ignoring the

judgment, she felt extremely confused, frustrated and upset.  She called her attorney at Pine Tree

Legal Assistance and had to drive to her office one hour away, spending time and money on gas and

tolls.

42.     When neither TD Bank nor the credit bureaus corrected the inaccurate reporting after

her second dispute, Ms. Docampo became even more distressed by the situation.  She felt that the

judgment had no meaning.  At that point she decided to retain private counsel and had to travel three

hours round trip to the Molleur Law Office, spending more time and money on gas and tolls.

43.     When neither TD Bank nor Experian or Equifax corrected the inaccurate reporting

after her third dispute, Ms. Docampo's frustration level increased even further.  She has postponed applying for new credit because she knows that the inaccurate TD Bank tradeline is continuing to reduce her credit score.

44.     The stress from being unable to get these errors corrected exacerbated Ms. Docampo's chronic medical condition, caused her to gain weight and experience insomnia.

45.     Ms. Docampo has lost the benefit of the Small Claims Judgment in her favor, has had to pay expenses for certified mail and gas and tolls to travel to her attorneys' offices, has had to delay applying for new credit, and has experienced additional actual damages including, but not limited to, being held in a false light by those reviewing her credit reports with the inaccurate TD Bank information, damage to her creditworthiness and credit score, confusion, frustration, loss of sleep, weight gain and emotional distress as a result of the defendants' actions and inactions.

46.     As set forth above, TD Bank furnished inaccurate information relating to Plaintiff to one or more consumer reporting agencies including Defendants Equifax and Experian.

47.     As set forth above, Plaintiff communicated on one or more occasions to Equifax a dispute over the accuracy of its reports relating to the TD Bank tradeline and provided Equifax with supporting documentation.

48.     Equifax received Plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigation required by law.

49.     Equifax notified TD Bank of Plaintiff's dispute regarding the tradeline and requested TD Bank to investigate and verify or correct the information.

50.     TD Bank knew that the disputed information was inaccurate.

51.     TD Bank failed to conduct a reasonable investigation and responded to Equifax's request for verification of the tradeline by wrongly verifying inaccurate information.

52.     After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, Equifax prepared and published to third parties one or more inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory TD Bank tradeline.

53.     As set forth above, Plaintiff communicated on one or more occasions to Experian a dispute over the accuracy of its reports relating to the TD Bank tradeline and provided Experian with supporting documentation.

54.     Experian received Plaintiff's disputes, but wholly and entirely failed to conduct the reinvestigation required by law.

55.     Experian notified TD Bank of Plaintiff's disputes regarding the tradeline and requested TD Bank to investigate and verify or correct the information.

56.     TD Bank knew that the disputed information was inaccurate.

57.     TD Bank failed to conduct a reasonable investigation and responded to Experian's request for verification of the tradeline by wrongly verifying inaccurate information.

58.     After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, Experian prepared and published to third parties one or more inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory TD Bank tradeline.

59.     Defendants willfully or, in the alternative, negligently failed to comply with the requirements of the FCRA, and, in doing so, violated Plaintiff's rights.

60.     Defendants' violation of Plaintiff's rights under the FCRA caused Plaintiff actual damages.

61.     TD Bank, Experian and Equifax do not maintain adequate policies and procedures to ensure compliance with the FCRA, as evidenced by the conduct alleged herein.

62.     TD Bank, Experian and Equifax have engaged in a pattern and practice of

noncompliance with the FCRA particularly the conduct alleged herein.

63.      Defendants are each liable to Plaintiff for actual damages including compensatory and

emotional distress damages, statutory damages and, for willful violations, punitive damages against

each Defendant as provided under the FCRA.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (Equifax and Experian)

64.      The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out

herein.

65.      Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports

and credit files they published and maintain concerning the Plaintiff.

66.      As a result of the conduct, actions and inactions of Equifax, the Plaintiff suffered

actual damages including, without limitation, loss of the benefit of the Small Claims Judgment in her

favor, expenses for certified mail and gas and tolls to travel to her attorneys' offices, a delay applying

for new credit, being held in a false light by those reviewing her credit reports with the inaccurate TD

Bank information, damage to her creditworthiness and credit score, confusion, frustration, loss of

sleep, weight gain and emotional distress.

67.      Plaintiff has suffered a concrete injury in fact that is directly traceable to Equifax's

conduct and is likely to be redressed by a favorable decision in this action.

68.      Equifax's conduct, actions and inactions were willful, rendering it liable for punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the

alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

69.      The Plaintiff is entitled to recover actual, statutory, and punitive damages, and costs

and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

71.     Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintain concerning the Plaintiff.

71.     As a result of the conduct, actions and inactions of Experian, the Plaintiff suffered actual damages including, without limitation, loss of the benefit of the Small Claims Judgment in her favor, expenses for certified mail and gas and tolls to travel to her attorneys' offices, a delay applying for new credit, being held in a false light by those reviewing her credit reports with the inaccurate TD Bank information, damage to her creditworthiness and credit score, confusion, frustration, loss of sleep, weight gain and emotional distress.

72.     Plaintiff has suffered a concrete injury in fact that is directly traceable to Experian's conduct and is likely to be redressed by a favorable decision in this action.

73.     Experian's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

74.     The Plaintiff is entitled to recover actual, statutory, and punitive damages, and costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i
### (Equifax and Experian)

75.     The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out

herein.

76.     Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

77.     Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of the Plaintiff's disputes to TD Bank and/or by failing to include all relevant information regarding the Plaintiff's disputes.

78.     Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

79.     Equifax violated 15 U.S.C. §1681i(a)(5) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the TD Bank reporting information upon an accurate reinvestigation.

80.     As a result of the conduct, actions and inactions of Equifax, the Plaintiff suffered actual damages including, without limitation, loss of the benefit of the Small Claims Judgment in her favor, expenses for certified mail and gas and tolls to travel to her attorneys' offices, a delay applying for new credit, being held in a false light by those reviewing her credit reports with the inaccurate TD Bank information, damage to her creditworthiness and credit score, confusion, frustration, loss of sleep, weight gain and emotional distress.

81.     Plaintiff has suffered a concrete injury in fact that is directly traceable to Equifax's conduct and is likely to be redressed by a favorable decision in this action.

82.     Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

83.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

84.     Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

85.     Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of the Plaintiff's' disputes to TD Bank and/or by failing to include all relevant information regarding the Plaintiff's disputes.

86.     Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

87.     Experian violated 15 U.S.C. §1681i(a)(5) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the TD Bank reporting information upon an accurate reinvestigation.

88.     As a result of the conduct, actions and inactions of Experian, the Plaintiff suffered actual damages including, without limitation, loss of the benefit of the Small Claims Judgment in her favor, expenses for certified mail and gas and tolls to travel to her attorneys' offices, a delay applying for new credit, being held in a false light by those reviewing her credit reports with the inaccurate TD Bank information, damage to her creditworthiness and credit score, confusion, frustration, loss of sleep, weight gain and emotional distress.

89.     Plaintiff has suffered a concrete injury in fact that is directly traceable to Experian's conduct and is likely to be redressed by a favorable decision in this action.

90.     Experian's conduct, actions and inactions were willful, rendering it liable for punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the

alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

91.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive

damages, costs and attorney's fees from Experian in an amount to be determined by the Court

pursuant to 15 U.S.C. §§1681n and o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)
### (TD Bank)

92.     The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out

herein.

93.     TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) and/or

(B) by failing to fully and properly investigate the Plaintiff's disputes of its credit reporting after

receipt of notice of such disputes from one or more credit reporting agencies and/or failing to review

all relevant information provided.

94.     TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) by

failing to accurately and completely report the results of a lawful investigation to one or more credit

reporting agencies after notice of a dispute.

95.     TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(D) by

failing to report results of its investigation finding the information it had been reporting regarding

Plaintiff to be incomplete or inaccurate to all other consumer reporting agencies to which TD Bank

reports.

96.     TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(E) by

failing to modify, delete and/or permanently block the reporting of inaccurate information regarding

the Plaintiff to one or more credit reporting agencies.

97.     As a result of the conduct, actions and inactions of TD Bank, the Plaintiff suffered actual damages including, without limitation, loss of the benefit of the Small Claims Judgment in her favor, expenses for certified mail and gas and tolls to travel to her attorneys' offices, a delay applying for new credit, being held in a false light by those reviewing her credit reports with the inaccurate TD Bank information, damage to her creditworthiness and credit score, confusion, frustration, loss of sleep, weight gain and emotional distress.

98.     Plaintiff has suffered a concrete injury in fact that is directly traceable to TD Bank's conduct and is likely to be redressed by a favorable decision in this action.

99.     TD Bank's conduct, action and inaction were willful, rendering TD Bank liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, TD Bank was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

100.     The Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 U.S.C.  §§1681n and o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted

**Maria Docampo,**
By her attorneys:


/s/ James F. Molleur
James F. Molleur
Elizabeth A. Miller
(to be admitted *pro hac vice*)

Molleur Law Office
419 Alfred Street
Biddeford, ME  04005-3747
207-283-3777
jim@molleurlaw.com
elizabeth@molleurlaw.com

Date:  June 7, 2019